UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANICE MANN,<br><br>    Plaintiff,<br><br>v.<br><br>GARDEN OF LIFE, LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-02134-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: ECF 12] |

Before the Court is Plaintiff Janice Mann's motion to remand the action to state court. Mot., ECF 12. Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument and VACATES the hearing scheduled for September 27, 2018. For the reasons discussed below, Mann's motion to remand is DENIED.

This action was initially filed in the Santa Cruz Superior Court. On April 9, 2018, Defendant Garden of Life, LLC ("Garden of Life") removed the action to this District based on diversity jurisdiction. Notice of Removal, ECF 1. On May 3, 2018, Mann filed the instant motion based on two reasons: lack of diversity jurisdiction and failure to obtain all defendants' consent to removal.

First, Mann argues that Garden of Life has not established that diversity jurisdiction exists in this action. Mot. 3. As Mann points out, diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires that the action is between "citizens of different States." And when a defendant in the action is a Limited Liability Corporation ("LLC"), the moving defendant must set forth the citizenship of the owners/members of the LLC. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Mann asserts that Garden of Life's removal of this action was

improper because its Notice of Removal fails to show the citizenship of Defendants Garden of Life, LLC and Atrium Biotech Investments, LLC's members or owners. Mot. 4.

Garden of Life responds that its Amended Notice of Removal identifies the citizenship of all defendants including Garden of Life, LLC and Atrium Biotech Investments, LLC.[1] Opp'n 5, ECF 16. The Amended Notice of Removal states that:

> (1) Garden of Life, LLC is a wholly owned subsidiary of Atrium Biotech Investments, LLC, "i.e., the only 'member' of Garden of Life, LLC is Atrium Biotech Investments, LLC." Amended Notice of Removal ¶ 6, ECF 14.
>
> (2) Atrium Biotech Investments, LLC is a wholly owned subsidiary of Atrium Biotech HoldCo, LLC, "i.e., the only 'member' of Atrium Biotech Investments, LLC is Atrium Biotech HoldCo, LLC." *Id.* ¶ 8.
>
> (3) Atrium Biotech HoldCo, LLC is a wholly owned subsidiary of Atrium Innovations, Inc., "i.e., the only 'member' of Atrium Biotech HoldCo, LLC is Atrium Innovations, Inc." *Id.* ¶ 9.
>
> (4) Atrium Innovations, Inc. is a Canadian corporation with its principal place of business in Quebec, Canada. *Id.* ¶ 10.

Mann contends that the Amended Notice of Removal is still deficient because it merely states that "another company is a 'member.'" Reply 4, ECF 17. Mann also claims that the Amended Notice of Removal's placement of the term "member" in quotation marks makes the meaning of that term unclear whether Garden of Life is referring to "actual members" or something else. *Id.*

The Court disagrees with Mann's contention. As set forth above, the Amended Notice of Removal makes clear that each LLC is wholly owned by the respective parent LLC or corporation. Because an LLC takes the citizenship of its owners and members, *Johnson*, 437 F.3d at 899, a

---

[1] A notice of removal can be amended to correct a defective allegation of jurisdiction, but not to add a new basis for removal jurisdiction. *ARCO Environmental Remediation, L.L.C. v. Dept. of Health and Environmental Qualify of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000).

2

wholly owned LLC has the citizenship of its parent LLC or corporation. The chain of ownership described above makes it clear that the citizenship of Garden of Life, LLC, Atrium Biotech Investments, LLC, and Atrium Biotech HoldCo, LLC can be traced to Canada. On the other hand, Mann is a citizen of California. Amended Notice of Removal ¶ 5. Thus, the Amended Notice of Removal provides that Mann has a different citizenship from the LLC Defendants. On this basis, the Court finds that Garden of Life has established that diversity jurisdiction exists.

Second, Mann argues that Garden of Life has failed to show that all defendants have consented to the removal of this action. *See* Mot. 4; Reply 5. 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Mann contends that Garden of Life has "failed to make any such showing." Mot. 4.

Garden of Life responds that it did not need the consent of other defendants in this case because they were not served at the time of removal. Opp'n 6. Indeed, a removing defendant need not obtain the consent of defendants who were served after the filing of the notice of removal. *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1032 (D. Ariz. 2007). Mann does not dispute Garden of Life's representation that it was the only defendant that was served on the date the Notice of Removal was filed. Accordingly, the Court finds that Garden of Life did not need to obtain consent of other defendants and thus has satisfied the consent requirement set forth in § 1446(b)(2)(A) when the Notice of Removal was filed.

For the above reasons, the Court is unpersuaded by Mann's arguments that removal of this action was improper. Therefore, Mann's motion to remand this action to state court is DENIED.

**IT IS SO ORDERED.**

Dated: May 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge